UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE LESTER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-347 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# **ORDER**

The petitioner, Anthony DeWayne Lester, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a Texas state court conviction for intoxication manslaughter. Judge Hoyt dismissed the petition with prejudice (Dkt. 26). The Fifth Circuit denied Lester's motion for a certificate of appealability (Dkt. 41). Pending is a "motion for rehearing" filed by Lester in which Lester asks the Court to ignore the *Stone* bar[1] and examine his claim that his Fourth Amendment rights were violated. Lester also states new Fourth Amendment arguments.

The Court construes Lester's motion as a motion for relief from the Court's judgment under Federal Rule of Civil Procedure 60(b). In federal habeas actions, Rule 60(b) motions are not always just Rule 60(b) motions. If the petitioner is using Federal Rule of Civil Procedure 60(b) to attack the substance of the district court's resolution of

---

[1] "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted). Lester has had the opportunity to present all of his Fourth Amendment arguments to the Texas courts (Dkt. 26 at p. 6; Dkt. 43 at pp. 1–2).

his habeas claims on the merits and not to attack some defect in the integrity of the habeas proceedings, then the Rule 60(b) motion is properly construed as a successive federal habeas petition. *Williams v. Thaler*, 602 F.3d 291, 301–05 (5th Cir. 2010). In an unpublished opinion, the Fifth Circuit succinctly clarified that "[e]xamples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination." *United States v. Brown*, 547 Fed. App'x 637, 641 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 nn.4–5 (2005)). In his Rule 60(b) motion, Lester squarely challenges the Court's determination that, under binding United States Supreme Court precedent, his Fourth Amendment claim is not cognizable; and he also adds new arguments under the Fourth Amendment. The Court will therefore construe the Rule 60(b) motion as a successive Section 2254 petition. *Williams*, 602 F.3d at 301–05. Under 28 U.S.C. § 2244(b), Lester must obtain authorization from the Fifth Circuit to file a successive Section 2254 petition. He has not done so, and this Court will dismiss the successive Section 2254 petition for lack of jurisdiction. *Id.*; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Based on the foregoing, the Court **ORDERS** as follows:

1. Lester's motion for rehearing (Dkt. 43) is construed as a successive Section 2254 petition, and that petition is **DISMISSED** without prejudice. A certificate of appealability from this ruling is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 20th day of February, 2018.

_____
George C. Hanks Jr.
United States District Judge